## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN WITT, | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-05-155 |
| WARDEN, | : | |
| Defendant | : | |

. . . .o0o. . . .

### **MEMORANDUM OPINION**

Pursuant to this Court's Order of April 22, 2005, Defendant has responded to Plaintiff's motion for injunctive relief. Paper No. 4. In the response, Defendant alleges that Plaintiff is seen on an ongoing basis by the appropriate staff regarding his psychological problems. *Id.* at p. 2. In addition, it is alleged that correctional staff have not exacerbated Plaintiff's self-mutilation practices by actively encouraging him to harm himself. *Id*. Defendant provides verified medical records with the response, establishing that Plaintiff is currently receiving psychiatric treatment. *Id.* at Ex. 2.

Injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) the public interest will be served if the injunction is granted. *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000). The initial factor to be examined is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d

802, 812 (4th Cir. 1992.)   The required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2nd Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).  In light of the evidence presented by Defendant regarding Plaintiff's current ongoing psychological care, it does not appear that irreparable harm would befall him absent an order from this Court requiring more services.  Accordingly, the motion for injunctive relief shall be denied.

Initially, this Court directed Plaintiff to supplement his complaint  with the names of individual officers whom he alleges engaged in the conduct described in his complaint.  Paper No. 2.  Plaintiff has not returned the pre-printed §1983 forms but has contacted the Court, stating that he had returned the forms for filing.  Paper No. 3.  In light of Plaintiff's pro se status and his apparent impaired mental status, Plaintiff will be granted an additional 20 days to provide this Court with the names of individual correctional and/or treatment staff he wants to name as defendants in this action, and either the $250 filing fee or a motion to proceed in forma pauperis.  Plaintiff is forewarned, however, that his failure to provide this information will result in the dismissal of this action without further notice from this Court.

A separate Order follows.

| | |
|---|---|
| \_\_\_5/19/05\_\_\_ | _____/s/_____ |
| Date | ROGER W. TITUS |
| | UNITED STATES DISTRICT JUDGE |